UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------X

UNITED STATES OF AMERICA,

                Plaintiff,

    -against-                       12 Cr. 844-12 (RWS)

                                                 SENTENCING
GLORIA RODRIGUEZ,                     OPINION

                Defendant.

------------------------------------------X

**Sweet, D.J.**

On September 12, 2014, Gloria Rodriguez ("Rodriguez" or the "Defendant") pled guilty to conspiring to distribute and possess with intent to distribute narcotics, and to making false statements to federal agents during their investigation of the drug conspiracy. For the reasons set forth below, Rodriguez will be sentenced to 145 months' imprisonment followed by five years' supervised release, subject to the scheduled sentencing hearing on October 7, 2015. Rodriguez is also required to pay a special assessment of $200.

**Prior Proceedings**

September 12, 2014. The first count of the Indictment charges that from 2011 through November 2012, in the Southern District of New York and elsewhere, Rodriguez and others conspired to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). ("Count 1") The second count of the Indictment charges that on May 2, 2014, Rodriguez falsely stated to special agents from the DEA and Department of Homeland Security who were assigned to investigate the drug conspiracy that she never facilitated shipments of narcotics from Puerto Rico to New Jersey, when she knowingly had done so.

The Indictment further indicates that as a result of committing the offense charged in Count 1, Rodriguez shall forfeit to the United States any property constituting or derived from proceeds of the offense and any property used or intended to be used to commit or facilitate it. If any of the property subject to forfeiture cannot be located upon the exercise of due diligence, has been transferred to a third party, has been placed beyond the Court's jurisdiction, has been substantially diminished in value, or has been commingled with other property, it is the intention of the Government to seek forfeiture of any other property of Defendant up to the value of the forfeitable property. See 21 U.S.C. § 853.

On September 12, 2014, Rodriguez pled guilty to both counts in a hearing before the Honorable Michael H. Dolinger, pursuant to a plea agreement which stipulates the following:

A. Offense Level

The Sentencing guideline applicable for Count 1 ofthe Indictment is § 2D1.1.

Pursuant to § 2D1.1(a)(5) and (c)(1), because the offense involved more than 150 kilograms of cocaine, the base offense level for Count 1 is 38.

Pursuant to § 2D1.1(b)(16), a decrease of two levels for Count 1 is warranted because the defendant appears to meet the criteria set forth in §5C1.2.

Pursuant to § 3C1.1, an increase of two levels for Count 1 is warranted because (1) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice with respect to the investigation and prosecution of the instant offense of conviction, and (2) the obstructive conduct related to the defendant's offense of conviction and any relevant conduct.

Accordingly, the offense level for Count 1 is 38.

The sentencing guideline applicable to the offense charged in Count z of the Information is § 2B1.1(a).

Pursuant to § 2B1.1(a), the offense level for Count 2 is 6.

Pursuant to § 3D1.2(c), because Count 2 embodies conduct that is treated as a specific offense characteristic in, or other adjustment to, the guideline applicable to Count 1, Counts 1 and 2 are grouped (the "Group").

Pursuant to §3D1.3(a), the offense level for the Group is the offense level, determined in accordance with Chapter Two and Parts A, B, and C of Chapter Three, for the most serious of the counts comprising the Group, i.e., the highest offense level of the counts in the Group. Accordingly, under § 3D1.3(a), the offense level for the Group is 38.

Assuming the defendant clearly demonstrates acceptance of responsibility, to the satisfaction of the Government, through his [sic] allocution and subsequent conduct prior to the imposition of sentence, a two-level reduction will be warranted, pursuant to § 3E1.1(a). Furthermore, assuming the defendant has accepted responsibility as described in the previous sentence, an additional one-level reduction is warranted, pursuant to § 3E1.1(b), because the defendant gave timely notice of his [sic] intention to enter a plea of guilty, thereby permitting the Government to avoid preparing for trial and permitting the Court to allocate its resources efficiently.

In accordance with the above, the applicable Guidelines offense level is 38.

Criminal History Category

Based upon the information now available to the U.S. Attorney's Office (including representations by the defense), the defendant has no criminal history points. Accordingly, the defendant's Criminal History Category is I.

Sentencing Range

Based upon the calculations set forth above, the defendant's stipulated Guidelines range is 168 to 210 months' imprisonment (the "Stipulated Guidelines Range"). In addition, after determining the defendant's ability to pay, the Court may impose a fine pursuant to § 5E1.2. At Guidelines level 35, the applicable fine range is $20,000 to $1,000,000.

Rodriguez is scheduled to be sentenced on October 8, 2015.

**The Sentencing Framework**

In accordance with the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005), and the Second Circuit's

decision in <u>United States v. Crosby</u>, 397 F.3d 103 (2d Cir. 2005), the sentence to be imposed was reached through consideration of all of the factors identified in 18 U.S.C. § 3553(a), including the Advisory Guidelines. Thus, the sentence to be imposed here is the result of a consideration of:

(1) the nature and circumstances of the offense and the history and characteristics of the defendant;

(2) the need for the sentence imposed –

   (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

   (B) to afford adequate deterrence to criminal conduct;

   (C) to protect the public from further crimes of the defendant; and

   (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

(3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for –

   (A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines . . .;

(5) any pertinent policy statement [issued by the Sentencing Commission];

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

>   (7)  the need to provide restitution to any victims of
>        the offense.

18 U.S.C. § 3553(a). A sentencing judge is permitted to find all the facts appropriate for determining a sentence, whether that sentence is a so-called Guidelines sentence or not. See Crosby, 397 F.3d at 114-15.

**The Defendant**

The Court adopts the facts set forth in the Presentence Investigation Report ("PSR") with respect to Defendant's personal and family history.

**The Offense Conduct**

The Court adopts the facts set forth in the PSR with respect to the offense conduct. These facts are summarized, in brief form, below.

Rodriguez was a key link in a drug conspiracy that trafficked cocaine from the Dominican Republic to New York, by way of Puerto Rico and New Jersey. She owned and operated a shipping company that imported pallets of wood flooring that contained hidden caches of cocaine. As part of that effort, she

created false documentation, including fake invoices and bills of lading, indicating that the pallets were being sold by a Puerto Rico-based flooring company to a general contractor in the New York area. The government views Rodriguez as responsible for trafficking over 150 kilograms of cocaine.

While federal agents were investigating the drug conspiracy, Rodriguez and her lawyer participated in a proffer session with the government on May 2, 2014. Although she was warned that any statements she made could be used against her in a criminal proceeding, she nonetheless stated that she had never helped the conspiracy ship drugs into the country, and denied that the company had ever shipped wood products at all. After being confronted with documentation that contradicted her story, Rodriguez acknowledged that she knew that the pallets contained narcotics and prepared false documentation supporting their importation, for which she was paid approximately $120,000.

**The Relevant Statutory Provisions**

The maximum term of imprisonment for Count 1 is 20 years. 21 U.S.C. §§ 841(b)(1)(C), 846. The maximum term of imprisonment for Count 2 is five years. 18 U.S.C. § 1001(a)(1).

The Court must impose a term of supervised release of at least three years for Count 1. 21 U.S.C. § 841(b)(1)(C). The Court may impose a term of supervised release of up to three years for Count 2. See 18 U.S.C. § 3583(b)(2).

Defendant is eligible for between one and five years of probation on Count 1 because her drug trafficking did not result in death or serious injury. 21 U.S.C. § 841(b)(1)(C); 18 U.S.C. § 3561(c)(1). Defendant is eligible for between one and five years of probation on Count 2. 18 U.S.C. § 3561(c)(1).

The maximum fine for Count 1 is $1,000,000. 21 U.S.C. § 841(b)(1)(C). The maximum fine for Count 2 is $250,000. 18 U.S.C. § 3571(b). A special assessment of $100 is mandatory on each count pursuant to 18 U.S.C. § 3013(a)(2).

**The Guidelines**

The November 1, 2014 edition of the United States Sentencing Commission Guidelines Manual has been used in this case for calculation purposes, pursuant to U.S.S.G. § 1B1.11.

The guideline for 21 U.S.C. § 846 offenses is found in U.S.S.G. § 2D1.1 of the guidelines. That section provides that

an offense involving between 150 and 450 KG of cocaine has a base offense level of 36. U.S.S.G. § 2D1.1(c)(2). Count 2 is grouped with Count 1 for guideline calculation purposes, since Count 2 embodies conduct that is treated as a specific offense characteristic of Count 1. U.S.S.G. § 3D1.2(c).

Defendant is entitled to a two-level reduction because she meets the requirements for limitation on the applicability of statutory minimum sentences, pursuant to U.S.S.G. § 5C1.2. See U.S.S.G. § 2D1.1(b)(17).

Defendant willfully obstructed or impeded the administration of justice with respect to the investigation of the instant offense. Accordingly, the offense level is increased by two. U.S.S.G. § 3C1.1.

Defendant has clearly demonstrated acceptance of responsibility for the offense. Accordingly, the offense level is decreased by two levels. U.S.S.G. § 3E1.1(a). Defendant has also assisted authorities in the investigation or prosecution of her own misconduct by timely notifying authorities of her intention to enter a plea of guilty. Accordingly, the offense level is decreased by one additional level. U.S.S.G. § 3E1.1(b). These adjustments result in an offense level of 33.

Defendant has no prior convictions, resulting in a criminal history category of I. Pursuant to the sentencing table at Chapter 5, Part A of the Guidelines, a total offense level of 33 and a criminal history category of I results in a guideline range of imprisonment of 135-168 months.

Because the defendant meets the criteria for the statutory safety valve, she is relieved from the mandatory minimum three-year term of supervised release. U.S.S.G. § 5D1.2, Application Note 2. As such, the term of supervised release for both counts is one to three years. See id. § (a)(2).

Defendant is not eligible for probation because her applicable guideline range falls in Zone D of the Sentencing Table in Chapter Five of the guidelines. U.S.S.G. § 5B1.1, Application Note 2.

The fine range for this offense is $17,500 to $1,000,000. U.S.S.G. § 5E1.2(c)(3-4); 21 U.S.C. § 841(b)(1)(C). Costs of prosecution shall be imposed on the Defendant as required by statute. U.S.S.G. § 5E1.5. In determining whether to impose a fine and the amount of such a fine, the Court shall

consider, among other factors, the expected costs to the government of any term of probation, or term of imprisonment and term of supervised release imposed. U.S.S.G. § 5E1.2(d)(7); 18 U.S.C. § 3572(a)(6). These costs may include drug and alcohol treatment, electronic monitoring, and/or contract confinement costs. The most recent advisory from the Administrative Office of the United States Courts, dated June 24, 2014, provides a daily cost of $80.25, a monthly cost of $2,440.97, and an annual cost of $29,261.62 for imprisonment.

**The Remaining Factors of 18 U.S.C. § 3553(a)**

Having engaged in the Guidelines analysis, this Court also gives due consideration to the remaining factors identified in 18 U.S.C. § 3553(a) to impose a sentence "sufficient, but not greater than necessary," as is required by the Supreme Court's decision in Booker, 543 U.S. 220, and the Second Circuit's decision in Crosby, 397 F.3d 103. In light of the Court's statutory responsibility "to 'impose a sentence sufficient, but not greater than necessary' to accomplish the goals of sentencing," Kimbrough v. United States, 552 U.S. 85, 102 (2007) (quoting 18 U.S.C. § 3553(a)), and having considered the Guidelines and all of the factors set forth in § 3553(a), it is determined that a Guidelines sentence is warranted.

Rodriguez was one of the most significant figure in a major drug trafficking operation, responsible for trafficking large amounts of cocaine into the United States from the Caribbean. While many defendants who come through this Court come to the drug trade out of necessity, desperation, or lack of other options for economic advancement, Rodriguez has no such excuse. As a business owner and a university graduate, she had other options besides engaging in the narcotics trade, and had both the knowledge that her conduct was wrong and the ability to say no. The offense conduct laid out in the PSR shows that Rodriguez applied her considerable business acumen to the drug conspiracy, creating fake documentation to support the importation of the wood pallets and the narcotics hidden within them. A sentence of 145 months' imprisonment, in addition to reflecting Rodriguez' culpability as a critical part of the trafficking operation, has the virtue of being more severe than the sentences received by lesser figures in the operation (particularly Alfredo Vazquez-Esparra, who Rodriguez supervised), but less severe than the sentence meted out to Ricardo Martino-Serrano, who occupied a true leadership role in the trafficking operation.

**The Sentence**

For the instant offense, Rodriguez shall be sentenced to 145 months' imprisonment on Count 1 and 60 months on Count 2, to run concurrently. The term of imprisonment will be followed by three years' supervised release on each count, also to run concurrently.

As mandatory conditions of her supervised release, Defendant shall:

(1) Not commit another federal, state, or local crime.

(2) Not illegally possess a controlled substance.

(3) Not possess a firearm or destructive device.

(4) Cooperate in the collection of DNA as directed by the probation officer.

(5) Refrain from unlawfully using any controlled substance. The Defendant shall submit to one drug test within fifteen days of placement on supervised release and at least two unscheduled drug tests thereafter, as directed by the probation officer.

The standard conditions of supervision (1-13) are recommended with the following special conditions:

(1) Defendant shall participate in an alcohol aftercare treatment program under a co-payment plan, which may include testing via breathalyzer at the direction and discretion of the probation officer.

(2) Defendant shall submit her person, residence, place of business, vehicle, or any other premises under her control to a search on the basis that the probation

>       officer has reasonable belief that contraband or
>       evidence of a violation of the conditions of the
>       release may be found. The search must be conducted at
>       a reasonable time and in a reasonable manner. Failure
>       to submit to a search may be grounds for revocation.
>       Defendant shall inform any other residents that the
>       premises may be subject to search pursuant to this
>       condition.
>
> (3)   Defendant shall provide the probation officer with
>       access to any requested financial information.
>
> (4)   Defendant is to report to the nearest Probation Office
>       within 72 hours of release from custody.
>
> (5)   Defendant is to be supervised by the district of
>       residence.

It is further ordered that Defendant shall pay to the United States a special assessment of $200, which shall be due immediately.

Defendant does not have the ability to pay a fine and so the fine in this case is waived.

Defendant shall forfeit her interest in any property constituting or derived from proceeds from the offense to the United States. See Fed. R. Crim. P. 32.2; 18 U.S.C. § 1963(a).

Defendant is ineligible for voluntary surrender.

It is so ordered.

New York, NY
~~May~~        , 2015

_____
ROBERT W. SWEET
U.S.D.J.