UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------X
UNITED STATES OF AMERICA,

              Plaintiff,

                                   12 Cr. 844 (RWS)

  - against -

                                   OPINION

GLORIA RODRIGUEZ,

              Defendant.
------------------------------------------X

A P P E A R A N C E S:

    <u>Attorney for Plaintiff</u>
    JOON H. KIM
    Acting United States Attorney
    Southern District of New York
    One Saint Andrew's Plaza
    New York, NY 10007
    By:  Allison Nichols, Esq.


    <u>Attorney for Defendant</u>
    JORGE GUTTLEIN & ASSOCIATES, P.C.
    291 Broadway, Suite 1500
    New York, NY 10007
    By:  Jorge De Jesus Guttlein, Esq.

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4/26/17

**Sweet, D.J.**

Defendant Gloria Rodriguez ("Rodriguez" or the "Defendant") has moved pursuant to 11(d)(2)(B) of the Federal Rules of Criminal Procedure to withdraw her guilty plea. As set forth below, the motion is denied.

**Facts and Prior Proceedings**

Around 2011, the Department of Homeland Security ("DHS") and the Drug Enforcement Agency ("DEA") began an investigation into a narcotics trafficking operation that started in Puerto Rico and ultimately distributed in the Southern District of New York and other locations. The operation involved packaging cocaine into hollowed-out wooden flooring, which would then be shipped to the United States. As part of this investigation, the Government seized about 300 kilograms of smuggled cocaine in August 2012 and indicted eleven of the operation's co-conspirators in December 2012.

During this time, Rodriguez owned and operated a shipping company that the Government believed was involved in the smuggling operation. Around February 5, 2014, DHS served a

1

subpoena on Rodriguez and her company seeking documents related to one of the already indicted co-conspirators.

As a result of the subpoena, Rodriguez retained her cousin, Edwin Prado ("Prado"), as counsel. Prado had already been previously retained by another of the co-conspirators indicted in December 2012, Pablo Ventura-Nieves ("Ventura-Nieves").

On May 2, 2014, Rodriguez, accompanied by Prado, attended a proffer meeting with members of the U.S. Attorney's Office for the Southern District of New York and DHS. The Government informed Rodriguez about the potential conflict of interest of Prado's representation of Ventura-Nieves, which she waived, and that any statements she made could be used against her, which she acknowledged. During that meeting, the Government showed Rodriguez paperwork she had prepared, such as invoices and bills of lading, and which were used in importing the hollowed-out wooden flooring. Later during the meeting, Rodriguez signed a proffer agreement stating her intention to provide information to the Government about the smuggling operation and admitted her involvement in the conspiracy, including, amongst other things, that she was paid thousands of dollars per prepared shipping document and that she knew she was assisting in shipping illegal drugs.

On May 5, 2014, Prado sought leave to withdraw from his representation of Ventura-Nieves, which this Court granted on May 7, 2014.

On August 8, 2014, the Government sent Prado a proposed plea agreement that the Government would accept were Rodriguez to plead guilty to it. The plea agreement was a two-count superseding indictment (the "Indictment"). The Indictment's first count charged that, from 2011 through November 2012, in the Southern District of New York and elsewhere, Rodriguez and others conspired to distribute and possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(b)(1)(C). The Indictment's second count charged that on May 2, 2014, Rodriguez falsely stated to special agents from the DEA and DHS assigned to investigate the drug conspiracy that she never facilitated shipments of narcotics from Puerto Rico to New Jersey, when she knowingly had done so, in violation of 18 U.S.C. § 1001.

On September 12, 2014, Rodriguez pled guilty to both counts in a hearing before the Honorable Michael H. Dolinger, pursuant to the written plea agreement. During Rodriguez's plea allocution, she stated under oath that she was aware of Prado's

3

prior representation of Ventura-Nieves, that she waived the right to be represented by and consult with a non-conflicted attorney, that she was satisfied by her representation, and that she was knowingly and voluntarily pleading guilty to the Indictment's two counts. Rodriguez also explained her involvement in the conspiracy. Judge Dolinger found Rodriguez's guilty plea voluntary and factually satisfying. At Judge Dolinger's recommendation, this Court accepted Rodriguez's guilty plea on October 7, 2014.

Since her plea, Rodriguez has twice changed her legal representation. Around December 2014, Rodriguez retained Telesforo Del Valle ("Del Valle"), who at the time was also representing another of the indicted smuggling operation co-conspirators. Around February 2016, Rodriguez retained her current counsel, Jorge De Jesus Guttlein.

This Court issued a sentencing opinion on October 7, 2015, indicating its intention to sentence Rodriguez to 145 months' imprisonment, pending a sentencing hearing. For differing reasons, including the Government's concern about Del Valle's potential conflict of interest and the Defendant's statement at a April 19, 2016 conference that she intended to move to

withdraw her plea, this Court's sentencing hearing has been continued several times.

The instant motion for withdrawal was filed on September 23, 2016 and was heard and marked fully submitted on December 1, 2016.

**Applicable Standard**

Federal Rule of Criminal Procedure 11(d)(2)(B) permits a defendant to withdraw his or her guilty plea prior to a district court's imposition of a sentence if "the defendant can show a fair and just reason for requesting the withdrawal." Fed. R. Crim. P. 11(d)(2)(B). The defendant bears the burden of showing that there are "valid grounds for withdrawal." United States v. Doe, 537 F.3d 204, 210 (2d Cir. 2008) (quoting United States v. Gonzalez, 970 F.2d 1095, 1100 (2d Cir. 1992)). "The standard for withdrawing a guilty plea is stringent because society has a strong interest in the finality of guilty pleas, and allowing withdrawal of pleas not only undermines confidence in the integrity of our judicial procedures, but also increases the volume of judicial work, and delays and impairs the orderly administration of justice." Id., 537 F.3d at 211 (internal quotation marks and citation omitted).

The Second Circuit lists several factors for district courts to consider when determining whether the defendant has put forward a "'fair and just reason' to justify withdrawal . . . : (1) the amount of time that has elapsed between the plea and the motion; (2) whether the defendant has asserted a claim of legal innocence; . . . (3) whether the government would be prejudiced by a withdrawal of the plea," id. (citing United States v. Couto, 311 F.3d 179, 185 (2d Cir. 2002)); and (4) whether the defendant has raised "a significant question about the voluntariness of the original plea." Id. (internal quotation marks and citation omitted); see also United States v. Schmidt, 373 F.3d 100, 103 (2d Cir. 2004). However, "[a] defendant's bald statements that simply contradict what he said at his plea allocution are not sufficient grounds to withdraw the guilty plea." United States v. Hirsh, 239 F.3d 221, 225 (2d Cir. 2001) (quoting United States v. Torres, 129 F.3d 710, 715 (2d Cir. 1997)). A defendant's claim of innocence "must be supported by evidence," id., and the court, "in reviewing the belated claims of innocence, must draw all permissible inferences in favor of the government and against the defendant." United States v. Maher, 108 F.3d 1513, 1530 (2d Cir. 1997).

A separate basis for withdrawal of a guilty plea is when a defendant claims she received ineffective assistance of counsel. See United States v. Arteca, 411 F.3d 315, 320 (2d Cir. 2005) (citations omitted). When a motion to withdraw a guilty plea is based on an ineffective assistance of counsel claim, a defendant must show that (1) "counsel's representation fell below an objective standard of reasonableness," Strickland v. Washington, 466 U.S. 668, 688 (1974), and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id., 466 U.S. at 694. When assessing a counsel's performance under Strickland, a district court "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." United States v. Aguirre, 912 F.2d 555, 560 (2d Cir. 1990) (internal quotation marks omitted).

**Defendant's Motion To Withdrawal Her Guilty Plea Is Denied**

    i.    Defendant Has Not Shown A "Fair And Just Reason" For Withdrawal

Defendant argues that she is entitled to withdraw her guilty plea because she "did not conspire to distribute narcotics . . . [and is] innocent." (Affidavit of Gloria Rodriguez dated September 26, 2016 ("Rodriguez Aff.") ¶ 37.) She

7

argues that she was "pressured" by her counsel and others into attending a proffer meeting and pleading guilty (Rodriguez Aff. ¶¶ 8, 13; Memo of Law in Supp. ¶¶ 17, 24), and that during her plea allocution, after being informed of "insurmountable evidence" against her by her counsel, she "panicked" and pled guilty, all in spite of her innocence (Rodriguez Aff. ¶ 25).

Although today Defendant professes her innocence and the existence of coercion when pleading guilty, she admitted the opposite under oath before Judge Dolinger during her plea allocution. At that time, Defendant pled guilty to the charged counts (Transcript of Sept. 12, 2014 Hearing (the "Plea Hearing") at 13, ECF No.182), acknowledged that her plea was "voluntary" (Plea Hearing at 19), and described her role in the drug smuggling conspiracy (Plea Hearing at 21-23), which, after a conference with her attorney prompted by the Government, she stated she knew was illegal because of the amount she was being paid (Plea Hearing at 21). At the conclusion of the hearing, Judge Dolinger found her statements satisfactory (Plea Hearing at 23-24). Defendant's statements, made "under oath at [a] plea allocution[,] 'carry a strong presumption of verity." Maher, 108 F.3d at 1530 (citation omitted).

8

To counter that presumption, Defendant's only newly proffered evidence is her affidavit and that of a neighbor's. Nothing in Defendant's recent affidavit, to the effect that she regularly prepared bills of lading for the company and did not know of the containers' contents (Rodriguez Aff. ¶¶ 14, 31, 33) or that she did not know one of the smuggling co-conspirators (Rodriguez Aff. ¶ 36; Memo of Law in Supp. ¶ 47), substantively undermines her previous statements. The affidavit fails to explain the more than one hundred and twenty thousand dollars Defendant received for preparing documents. The latter claim has no bearing on Defendant's guilt in the narcotics smuggling conspiracy. Her neighbor's affidavit, which claims a co-conspirator's attorney was present at dinner with Defendant following her plea allocution, fails to establish coercion. (Memo of Law in Supp. Ex. J.)

Defendant contends that a portion of her plea allocution during which she described her participation in the smuggling conspiracy was an example of her "trepidation and lack of knowledge of the conspiracy." (Memo of Law in Supp. ¶ 27.) However, she acknowledged knowing that the items she was helping to ship contained "some form of illegal narcotic" after speaking with her counsel, which does not establish that her plea was

involuntarily coerced. (Memo of Law in Supp. ¶ 27-28.) After "draw[ing] all permissible inferences in favor of the government," as is required, her interpretation cannot stand. Maher, 108 F.3d at 1530. Moments earlier, before speaking with her attorney, the Defendant admitted that she knew the containers contained "something illegal," then clarified it to be narcotics. (Plea Hearing at 21.) Rodriguez's affidavit does not vacate the record or establish her innocence.

The claims Defendant has put forward are the kinds of "bald statements" that provide "no reason to disturb the 'strong presumption of verity'" of her earlier plea allocution. Hirsch, 239 F.3d at 225 (citation omitted); see also United States v. Gonzalez, No. 06 Cr. 726 (WHP), 2010 WL 1640186, at *5 (S.D.N.Y. Apr. 8, 2010) ("A reference to corroborating facts--as opposed to a 'bald statement' of innocence--is essential if a court is to credit a defendant's present claims of innocence--sworn under oath--over his prior (and now contradicted) admissions of guilt under oath."), aff'd, 647 F.3d 41 (2d Cir. 2011). They do not justify permitting a withdrawal of a guilty plea that by all accounts appears no less than voluntary, knowing, and intelligent by a motion that fails to establish that her

10

statements were coerced. See Maher, 108 F.3d at 1529 (citation omitted).

Defendant also contends that her present motion is timely, even though it was filed a year and a half after she pled guilty. Defendant rightly observes that switching counsel results in delays. However, even after retaining her present counsel, she waited two months even to mention she would file the instant motion. See United States v. Taylor, 242 F.3d 369, 2000 WL 1786338, at *4 (2d Cir. 2000) (summary order) (implying that waiting five weeks to motion for a plea withdrawal should factor against permitting the withdrawal); United States v. Wilson, 828 F. Supp. 2d 679, 685 (S.D.N.Y. 2011) (finding that a period of just over two months between pleading guilty and challenging the plea weighed against a defendant's motion for withdrawal), aff'd, 523 F. App'x 30 (2d Cir. 2013). Although the Government is not required to show prejudice while opposing a defendant's motion to withdrawal, Gonzalez, 970 F.2d at 1100, it is correct that it is harder to find witnesses for a trial after several additional years, a factor that prejudices their case, even if not be to the "substantial" degree that it claims. (Opp. Memo at 23.)

ii. Defendant Has Not Shown Ineffective Assistance of Counsel

Defendant also contends that she should be entitled to withdraw her guilty plea because she received ineffective assistance of counsel. She argues that it was objectively unreasonable of Prado, an attorney whose area of practice was not criminal law (Memo of Law in Supp. ¶¶ 15, 56), to allow her to attend a proffer session with the Government prior to an indictment against her and to advise that she admit her involvement in the smuggling conspiracy (Memo of Law in Supp. ¶ 54). She states that she was pressured into attending the proffer meeting by Prado and another attorney and implies their advice was motivated by legal relationships with other smuggling co-defendants. (See Memo of Law in Supp. ¶¶ 17, 19, 23.) In addition, Defendant claims that it was unreasonable for Prado to advise her to plead guilty when "[n]o evidence had been provided" against her. (Memo of Law in Supp. ¶ 55; see also id. ¶ 21.) But for Prado's advice, Defendant claims, she would not have pled guilty. (Memo of Law in Supp. ¶¶ 57-58.)

Prado's representation of Defendant raises serious concerns. Prado was not a criminal defense attorney. (Memo of Law in Supp. ¶ 15.) His lack of substantive experience

12

representing criminal defendants appears to have hurt Defendant in preparation for and during her proffer meeting. (See Memo of Law in Supp. ¶¶ 17, 20.) Prado's prior representation of another of the conspiracy's co-defendants, coupled with continuing to involve another co-defendant's counsel in his meetings with Defendant, creates doubt as to where Prado's loyalties ultimately lay. (Memo of Law in Supp. ¶¶ 16-17, 22, 25, 29.)

However, while having her cousin Prado as her counsel was an evident mistake, the evidence presented does not establish a Strickland violation. It was not objectively unreasonable for Prado to advise Defendant, by then a target of a criminal investigation, to attend a proffer session and, after seeing the Government's evidence connecting her to the smuggled narcotics, to admit her involvement. (See Declaration of Michael C. O'Neill dated Oct. 7, 2016 ("O'Neill Decl.") ¶¶ 7, 11.) The plea bargain Defendant received from the Government prevented her from receiving a minimum sentence of ten years, and it was not objectively unreasonable to suggest that Defendant take it. (See Plea Hearing at 22; Opp. Memo at 22-23.) Her Strickland claim falters further from her repeated affirmations of satisfaction

13

and waiver of conflicts throughout Prado's representation. (See O'Neill Dec. ¶¶ 6, 12; Plea Hearing at 4-9, 12); United States v. Gunn, 419 F. App'x 106, 109 (2d Cir. 2011) (affirming a district court's rejection of ineffective assistance of counsel claim based on statements by defendant under oath that he "was satisfied with his counsel's representation"); United States v. March, 382 F. App'x 76, 78 (2d Cir. 2010) (affirming rejection of plea withdrawal when defendant stated under oath "he was satisfied [with his former counsel's representation]").

**Conclusion**

For the foregoing reasons, Defendant's motion to withdraw her guilty plea is denied.

It is so ordered.

**New York, NY**
**April 26 2017**

_____
ROBERT W. SWEET
U.S.D.J.

14